UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES MOHAMED ROBINSON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 09-1273 |
| JOSEPH MATHY, Warden, | ) ) ) | |
| Respondent. | ) | |

## O R D E R

This matter is now before the Court on Petitioner, Charles Mohamad Robinson's ("Robinson"), Petition for Writ of Habeas Corpus Ad Testificandum, pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the Petition [#1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

### BACKGROUND

Robinson is an inmate at Pontiac Correctional Center in Pontiac, Illinois. On August 12, 2009, he filed this petition pursuant to § 2241, where he sought to make the Respondent produce him to the District Court so that "said prisoner may then and there respond to and answer as witness such questions as may be asked of him in the course of the hearing be conducted." Robinson submitted a $5 filing fee with his Petition.

On August 24, 2009, the Court entered a Text Order, directing Robinson to clarify the relief he was seeking.

On September 1, 2009, Robinson responded with a "Motion to Clarify." In this response, he stated that he is a Moslem and that:

> It is the Moslem holy month of Ramadan and [he] is religiously mandated to fast during the daylight hours and has a constitutionally protected right to practice his religion. Which the state of Illinois Department of Corrections recognizes and accomadates (sic) to all state muslim (sic) prisoners except the Petitioner. The Petitioner is being discriminated against, by the defendant and his agents and successors. They refuse to allow him to practice his religion in that they refuse to give him his Ramadan food trays or they give them to him intermittently until they force the Petitioner to give up his fast by starvation and cold inadequate amounts of food on the trays as they do begrugingly (sic) give him. This is causeing (sic) the Petitioner great mental anguish.

Robinson further states:

> The defendants have illegally confiscated Petitioners (sic) Holy Quran, Bible and other sacred Moslem religious materials i.e. his prayer book for Moslems in Arabic etc and plan to destroy these items which they are now holding in the personal property storage building for no valid reason other than malice and bigotry.

This Order follows.

## DISCUSSION

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); <u>Waletzki v. Keohane</u>, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

In this § 2241 Petition, however, Robinson does not challenge the fact or duration of his confinement. Rather, he challenges the conditions under which he is being held. <u>Glaus v. Anderson</u>, 408 F.3d 382, 386 (7th Cir. 2005).

> If the prisoner is seeking what can be fairly described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the

>conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks.

Id., at 386-87, *citing* Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991). Accordingly, Robinson's claim cannot be brought pursuant to § 2241 and must be filed as a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Therefore, the Court will dismiss this action without prejudice rather than construe and convert the Petition into a Bivens action. If Robinson would like to bring a Bivens action, he cab resubmit as such, along with an application to proceed in forma pauperis.

## CONCLUSION

For the reasons stated herein, Robinson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. This matter is now terminated.

ENTERED this 2nd day of September, 2009.

                                            s/ Michael M. Mihm
                                              Michael M. Mihm
                                      United States District Judge